## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Jessica Galloway,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Progressive Financial Services, Inc.,<br><br>　　　　　　Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Michigan Occupational Code, M.C.L. §339.901 et. seq. ("MOC") by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Jessica Galloway (also referred to as "Ms. Galloway" in this Complaint) is a natural person who resides in the County of Kent, State of

      Michigan, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Plaintiff is "person" as defined by 47 U.S.C. § 153(39), as well as a "consumer" and "debtor" as those terms are defined by M.C.L. §§ 445.251(d) and 339.901(f).

6. Defendant Progressive Financial Services, Inc., (hereinafter "Defendant" and/or "Progressive") is a Pennsylvania collection agency, operating from Tempe, Arizona, with a domestic registered agent in Ingham County, Michigan.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as that term is defined by M.C.L. § 339.901(b).

9. Defendant is not licensed by the State of Michigan to collect consumer debt in Michigan.

10. At all times relevant to this complaint, the Defendant was and is a "person" as defined by 47 U.S.C. § 153(39).

11. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47

      U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

12. The Defendant at all times relevant to the complaint herein engaged in "telecommunications" defined at 47 U.S.C. § 153(50).

13. The Defendant at all times relevant to the complaint herein engaged in "interstate communications" at 47 U.S.C. § 153(28).

14. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined at 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

15. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

16. At all times relevant to this complaint, the Defendant was and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

17. Several years ago, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by the FDCPA, and MOC, namely a student loan obligation.

18. After the Plaintiff defaulted on her obligation, the account was then transferred or assigned to Defendant for collection.

19. In or around August of 2014, Defendant began its attempts to collect from Plaintiff the alleged financial obligation.

20. Defendant's phone number, ending in 0537, is assigned to a cellular telephone service, as that term is defined at 47 U.S.C. § 227(b)(1)(a)(iii).

21. Shortly thereafter, Defendant began calling Plaintiff's cell phone, ending in 0537, using "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1).

22. Defendant had actual knowledge that Ms. Galloway was represented by legal counsel when Defendant began its attempts to collect on the alleged financial obligation.

23. Defendant had reason to know that Ms. Galloway was represented by legal counsel when Defendant began its attempts to collect on the alleged financial obligation.

24. On or about August 18, 2014, Defendant sent written correspondence addressed to Ms. Galloway that contained two clear plastic openings, that contained machine readable matrix barcode, a statement that the return address was "Not intended for correspondence or payments" as well as

large bold print that read "RETURN TH … WITH YOUR" boxed in with a solid line.

25. On or about October 30, 2014, Defendant sent written correspondence addressed to Ms. Galloway that contained two clear plastic openings, that contained machine readable matrix barcode, a statement that the return address was "Not intended for correspondence or payments" as well as large bold print that read "RETURN TH … WITH YOUR" boxed in with a solid line.

26. On or about October 31, 2014 Defendant sent written correspondence addressed to Ms. Galloway that contained two clear plastic openings, that contained machine readable matrix barcode, a statement that the return address was "Not intended for correspondence or payments" as well as large bold print that read "RETURN TH … WITH YOUR" boxed in with a solid line.

27. On or about December 22, 2014, Defendant sent written correspondence addressed to Ms. Galloway that contained two clear plastic openings, that contained machine readable matrix barcode, a statement that the return address was "Not intended for correspondence or payments" as well as large bold print that read "RETURN TH … WITH YOUR" boxed in with a solid line.

28. A person viewing the mailing, including the least sophisticated consumer, could reasonably conclude that Defendant is in the debt collection business.

29. Defendant placed at least 8 calls to Ms. Galloway during August of 2014.

30. Defendant placed at least 6 calls to Ms. Galloway in September of 2014.

31. Defendant placed multiple calls to Ms. Galloway in October of 2014.

32. In April of 2015, Defendant called at least 8 times.

33. In May of 2015, Defendant called at least 5 times.

34. In June of 2015, Defendant placed at least 5 times.

35. On several occasions between August of 2014 and the filing of this Complaint, Defendant would call Ms. Galloway's cell phone repeatedly or continuously, calling her back within one or two minutes of the previous call, many times the call being dead air, or where nobody would speak.

36. On several occasions, between August of 2014 and June of 2015, Defendant would call Plaintiff's cell phone, and either hang up when the call was answered, or leave a voicemails that contained either silence or a pre-recorded message.

### *Illegal Auto-Dialed Collection Calls*

37. The telephone calls at issue were placed by Defendant using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called,

using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

38. Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on numerous occasions using an automatic telephone dialing system.

39. Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on numerous occasions used artificial voices during calls to the Plaintiff.

40. Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on numerous occasions used pre-recorded voices during calls to the Plaintiff.

41. On numerous occasions, Defendant called Plaintiff on her cell phone using an automatic telephone dialing system, communicated with her using artificial voices and left her voice mails on her cell phone in an attempt to collect this debt.

42. Ms. Galloway did not provide the cell phone number, ending in 0537, to Defendant.

43. Defendant never had permission to call Ms. Galloway's cell phone using and "ATDS" or "autodialer."

44. Defendant, through its representative, admitted to using an "ATDS" or "autodialer" when asked about the dead air and long pauses before Defendant would start speaking on outbound calls that Defendant placed.

### *Request to Cease and Desist Ignored*

45. On October 30, 2014, Ms. Galloway, through her counsel, informed Progressive Financial Services, Inc. that she was represented by legal counsel with respect to any and all debts Progressive Financial Services, Inc. was attempting to collect from her. Progressive Financial Services, Inc. was also informed that Ms. Galloway revoked any previously established consent to contact her cell phone.

46. Defendant placed at least 7 calls to Ms. Galloway during April of 2015.

47. Defendant placed at least 6 calls to Ms. Galloway during May of 2015.

48. Defendant placed at least 6 calls to Ms. Galloway in June of 2015.

49. Ignoring the Plaintiff's requests, Defendant continued to call using an automated computerized dialer to cause her phone to ring and used a pre-recorded and/or synthesized voice to leave her messages.

50. These calls were made in willful violation of the TCPA.

*Summary*

51. These repeated collection calls were illegal attempts to collect this debt in violation of numerous and multiple provisions of the MOC, the FDCPA, as well as violations of the TCPA.

52. This series of abusive collection calls by Defendant caused Plaintiff to at times cry and made her physically ill because of the manner in which this debt was collected by Defendant.

53. As a direct, actual, and proximate result of the acts and omissions of Defendant Progressive Financial Services, Inc., Plaintiff has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

54. This series of abusive collection calls by Defendant caused so much stress on Ms. Galloway that she was afraid to answer her own phone, and often would not want to get out of bed.

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

58. Defendant violated 15 U.S.C. § 1692c(a)(1) each time it called the Plaintiff after having knowledge of attorney representation, as Defendant should have known to be inconvenient to Ms. Galloway.

59. Defendant violated 15 U.S.C. § 1692c(a)(2) each time it called the Plaintiff after it had notice of attorney representation.

60. Defendant violated 15 U.S.C. § 1692d each time it called the Plaintiff after it received notice of attorney representation, the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

61. Defendant violated 15 U.S.C. § 1692d each time it violated the TCPA, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

62. Defendant violated 15 U.S.C. § 1692d each time it violated the MOC, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

63. Defendant violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Ms. Galloway.

64. Each phone call by the Defendant after it received notice of attorney representation is a violation 15 U.S.C. § 1692e, as it a false, deceptive, or misleading representation or means in connection with the collection of the debt to take any action that cannot legally be taken.

65. Each phone call by the Defendant after it received notice of attorney representation is a violation 15 U.S.C. § 1692e(2)(A), as each phone call to the represented party is a false representation of the legal status of the debt.

66. Each phone call by the Defendant after it received notice of attorney representation is a violation 15 U.S.C. § 1692f because it was an unfair or unconscionable means to attempt to collect a debt.

67. Each violation of the TCPA by the Defendant, as outlined in this Complaint, is a violation 15 U.S.C. § 1692f because it was an unfair or unconscionable means to attempt to collect a debt.

68. Each violation of the MOC by the Defendant, as outlined in this Complaint, is a violation 15 U.S.C. § 1692f.

69. Defendant violated 15 U.S.C. § 1692f(8) by using any language or symbol, other than Defendant's, on any envelope when communicating with Ms. Galloway by use of the mails.

70. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT II.
### VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Within the four year period immediately preceding this action, the Defendant made numerous calls, which include, but are not limited to the dates and times previously referenced in this Complaint, to the Plaintiff's

      cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

73. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

74. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

75. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

76. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

77. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

78. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT III.
## VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

81. Defendant violated M.C.L. § 339.915(f)(i) by misrepresenting the legal rights of the debtor each time it called Plaintiff after knowing that Plaintiff was represented by counsel.

82. Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing its identity.

83. Defendant violated M.C.L. § 339.915(h) by communicating with Ms. Galloway, when she was actively represented by an attorney.

84. Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressing, or abusive method to collect a debt each time it violated the TCPA, as detailed in the prior paragraphs of this Complaint.

85. Defendant violated M.C.L. § 339.915(n) by using a harassing method to collect a debt each time it communicated with the Plaintiff after knowing she was represented by legal counsel.

86. Defendant violated M.C.L. § 339.915(n) by using an oppressive method to collect a debt each time it communicated with the Plaintiff after knowing she was represented by legal counsel.

87. Defendant violated M.C.L. § 339.915(n) by using an abusive method to collect a debt each time it communicated with the Plaintiff after knowing she was represented by legal counsel.

88. Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MOC violations by Defendant's employees.

89. Defendant violated M.C.L. § 339.918(1)(a)-(e) by failing to inform Plaintiff of the required notices, found at M.C.L. § 339.918(a)-(e), within five days of the initial communication with the Plaintiff.

90. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

### COUNT II.
### VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;

- for an injunction prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

### COUNT III.
### VIOLATIONS OF THE
### MICHIGAN OCCUPATIONAL CODE
### M.C.L. § 339.901 *et seq*.

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

    Respectfully submitted,

    GOLDEN LAW OFFICES, P.C.

Dated: June 25, 2015

    /s/ B. Thomas Golden
    B. Thomas Golden (P70822)
    Attorney for the Plaintiff
    2186 West Main Street
    P.O. Box 9
    Lowell, Michigan 49331
    Telephone: (616) 897-2900
    Facsimile: (616) 897-2907
    btg@bthomasgolden.com